UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINH NGUYEN,

    Plaintiff,

v.                                                  Case No: 8:24-cv-1566-KKM-TGW

THOMAS CHASE,

    Defendant.
_____

## ORDER

Plaintiff Linh Nguyen moves for an order authorizing service of process by Telegram, a social media messaging application. Mot. for Substitute Service (MSS) (Doc. 5). For the below reasons, I grant Nguyen's motion.

I. BACKGROUND

This action arises out of Nguyen's investment in Defendant Thomas Chase's cryptocurrency investment pool (the Court Pool). Am. Compl. (Doc. 14) ¶¶ 16–21. Nguyen invested twenty-nine Ethereum tokens in the Court Pool and the Court Pool purchased Quant Network Tokens (QNT or tokens) on behalf of investors. *Id.* ¶¶ 25–27. Nguyen's contribution equated to 18,234.17 QNTs, worth approximately $1,388,714.39 when Nguyen first filed the complaint. *Id.* ¶ 30. When Nguyen requested distribution of

the tokens, though, Nguyen learned that Chase removed the tokens to Chase's own personal wallet and then transferred them to another wallet. *Id.* ¶¶ 34–35, 38–39. Chase informed Nguyen that a scammer impersonated Nguyen and coerced Chase into sending Nguyen's QNTs to the scammer. *Id.* ¶ 37. Chase allegedly told Nguyen that it is impossible for Chase to return the tokens to Nguyen. *Id.* ¶ 40. Nguyen believes that Chase likely controls the wallet in which the QNTs are stored. *Id.* ¶ 41. The founder of the company that hosted the Court Pool admitted that Chase's tokens were sent to the wrong wallet address. *Id.* ¶ 42.

In June 2024, Nguyen filed a ten-count complaint against Chase, Compl. (Doc. 1), and then filed an amended complaint in October 2024, Am. Compl. Nguyen's claims include breach of contract, unjust enrichment, negligence, breach of fiduciary duty, and fraud, and Nguyen seeks, among other things, return of the tokens. *Id.* at 7–21.

Since initiating this action, Nguyen has been unable to serve Chase with process. Although Chase has indicated that he resides in the United Kingdom, Am. Compl. ¶ 4, Scrimalli Aff. (Doc. 6) ¶ 3, Nguyen has been unable to locate Chase's physical address. MSS ¶¶ 6–7. This is despite hiring a company to assist in the investigation, running multiple people searches, and requesting to Chase that he provide his address. *See* (Doc. 5-2); (Doc. 5-3); (Doc. 5-4); (Doc. 5-5); MSS at 6 n.1. Chase, though, has demonstrated a willingness to communicate with Nguyen's counsel through Telegram, a social media

2

messaging application. (Doc. 5-1); Scrimalli Aff. ¶ 6. At the time of filing, Chase had responded to Nguyen's counsel as recently as June 2024. Scrimalli Aff. ¶ 7. On August 16, 2024, Nguyen's counsel sent Chase a copy of the complaint by Telegram, and Chase failed to respond. *Id.* ¶ 8; (Doc. 5-5). Now, Nguyen seeks an order authorizing him to serve Chase with process on Telegram. MSS.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) governs service of process on an individual in a foreign country. First, a plaintiff may use "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." FED. R. CIV. P. 4(f)(1). Second, if "there is no internationally agreed means, or if an international agreement allows but does not specify other means," a plaintiff may use a method reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
>   (i) delivering a copy of the summons and of the complaint to the individual personally; or
>   (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.

*Id.* 4(f)(2). Third, courts may authorize service "by other means not prohibited by international agreement." *Id.* 4(f)(3).

3

A court must ensure that the method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

## III. ANALYSIS

I start with the applicability of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (entered into force Feb. 10, 1969) (hereinafter the Convention). *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies."). By its terms, the Convention does "not apply where the address of the person to be served with the document is not known." Convention, Art. I. "To determine whether an address is 'known,' 'courts have repeatedly looked to the efforts plaintiffs have put forth in attempting to discover said addresses.'" *Robinson v. Turner*, No. 8:23-CV-626-SDM-SPF, 2024 WL 665103, at *2 (M.D. Fla. Feb. 16, 2024) (quoting *Compass Bank v. Katz*, 287 F.R.D. 392, 394 (S.D. Tex. 2012)). Before a plaintiff "can circumvent the methods for service of process authorized by the Hague Convention," he must "put forth reasonable diligence in attempting to discover [the] defendant's address." *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 614CV249ORL41TBS, 2016 WL 7664290, at *4 (M.D. Fla. Mar.

4

7, 2016) (alteration in the original) (emphasis omitted) (quoting *Katz*, 287 F.R.D. at 395); *see Opella v. Rullan*, No. 10-21134-CIV, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011) ("[A]n address is not 'known' within Article I of the Convention only when it is unknown to the plaintiff after the plaintiff exercised reasonable diligence in attempting to discover that address.").

Nguyen has exercised reasonable diligence in attempting to discover Chase's address. Nguyen's counsel asked Chase for his address, but Chase failed to respond. (Doc. 5-5). Nguyen's counsel sought assistance from "a detective agency specializing in tracking down defendants for the purposes of service," MSS at 6 n.1, but the agency failed to develop any meaningful leads, (Doc. 5-4). The agency "definitely believe[s]" that Chase's identity is "false" based on the information it received. *Id.* at 2. Nguyen also includes in the record results from a background check website and a LexisNexis public records search, neither of which turned up any helpful information concerning Chase's address. (Docs 5-2 & 5-3). Finally, Nguyen's counsel represents that his firm has searched for Chase's address on Google, Facebook, and X.com to no avail. Scrimalli Aff. ¶ 5. Based on this evidence and the nature of Nguyen's online relation with Chase, I conclude that Nguyen has put forward "reasonable diligence in attempting to discover [Chase's] address." *Backjoy Orthotics, LLC*, 2016 WL 7664290, at *4 (quoting *Katz*, 287 F.R.D. at 395).

Because Chase's address is unknown even after Nguyen's reasonable diligence in attempting to discover it, the Hague Convention does not apply. *Trapenard v. Clester*, No. 6:22-CV-660-RBD-LHP, 2023 WL 2264177, at *3 (M.D. Fla. Feb. 28, 2023) ("[B]ecause [the defendant's] address is unknown, [the plaintiff] is not required to serve him pursuant to the Hague Convention."). Therefore, even if the Hague Convention may ordinarily prohibit service by messaging the defendant on a social media application, *cf. Duong v. DDG BIM Servs. LLC*, 700 F. Supp. 3d 1088, 1095 (M.D. Fla. 2023) (concluding that service by email is ordinarily prohibited by the Hague Convention), any such restrictions do not apply here. Further, I am unaware of any other international agreement that prohibits service by messaging the defendant on a social media application.

Therefore, in this circumstance, service of process by message on Telegram is authorized under Rule 4(f)(3), which allows for any means of service "not prohibited by international agreement, as the court orders." As I just noted, there is no indication that service by social media messaging is prohibited by any international agreement. Further, by "seeking prior court authorization," Nguyen meets Rule 4(f)(3)'s second requirement too. *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750–51 (11th Cir. 2016) (interpreting "as the court orders" to require that a plaintiff obtain judicial authorization before attempting service under Rule 4(f)(3)). Thus, under Rule 4(f)(3), Nguyen may serve Chase by message on Telegram. *Cf. Birmingham v. Doe*, 593 F. Supp.

3d 1151, 1159 (S.D. Fla. 2022) (concluding that service by "social media messaging" "does not violate an international agreement," even when the Hague Convention applies, so long as a signatory nation does not expressly object); *Fabian v. LeMahieu*, No. 4:19-CV-00054-YGR, 2020 WL 3402800, at *3 (N.D. Cal. June 19, 2020) ("[C]ourts in this district have authorized service of process by social media."); *WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014) (finding that service of process by "social networking websites" "complies with both Rule 4(f)(3) and constitutional due process," even when the Hague Convention applies); *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (concluding that, even when the Hague Convention applies, service by Facebook "is not prohibited by international agreement").

Service by message on Telegram is "reasonably calculated, under all the circumstances, to apprise [Chase] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane*, 339 U.S. at 314. Chase communicated with Nguyen's counsel on Telegram about the facts underlying this action (Doc. 5-1), and considering the circumstances, service by message on Telegram is the method best suited to apprise Chase of the nature of Nguyen's claims and any further proceedings, *see Arrington v. Helms*, 438 F.3d 1336, 1350 (11th Cir. 2006) ("Due process is a flexible concept that varies with the particular circumstances of each case, and myriad forms of

notice may satisfy the *Mullane* standard."); *see also, e.g.*, *Birmingham*, 593 F. Supp. 3d at 1159–1160 (concluding that the *Mullane* standard was met for some defendants when, among other things, the plaintiffs located the social media accounts for a defendant residing in the United Kingdom and the defendants "conducted their businesses over the Internet" and used "social media regularly in their businesses"); *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (concluding that service by Twitter met the *Mullane* standard when the defendant had "an active Twitter account and continue[d] to use it to communicate with his audience").

Because Rule 4(f)(3) provides "authorization for service of summons on the defendant" by message on Telegram, *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), and service by Telegram in this case satisfies the *Mullane* standard, Nguyen's requested method of service complies with the Due Process Clause, *see Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 924–25 (11th Cir. 2003). I therefore conclude that service by message on Telegram is permissible in this case.

## IV.   CONCLUSION

Nguyen may serve Chase by Telegram. Nguyen must submit proof of service before seeking additional relief in this case. *See* FED. R. CIV. P. 4(*l*)(2)(B).

8

Accordingly, the following is **ORDERED:**

1. Plaintiff's Motion for Substitute Service (Doc. 5) is **GRANTED**. The plaintiff must prove service no later than January 9, 2025.

**ORDERED** in Tampa, Florida, on December 19, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge